IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA   )
                           )
        v.                 ) Criminal No. 05-316
                           )
CURTIS SHAFFER             )

O P I N I O N

DIAMOND, D.J.

Defendant Curtis Shaffer ("defendant") was charged in a four-count indictment with firearms offenses relative to the burglary of Gone For A Day Sports Shop, which is a federally licensed firearms dealer. Defendant was charged with stealing firearms, in violation of 18 U.S.C. §922(u) (Count One), disposing of stolen firearms, in violation of 18 U.S.C. §922(j) (Count Two), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §922(g)(1) (Count Four). His co-defendant, William Cravenor, was charged at Count Three with disposing of stolen firearms. Defendant has filed a number of pretrial motions set forth in one omnibus filing (Document No. 37), and the government has responded thereto (Document No. 42). For the reasons set forth herein, defendant's motions will be granted in part and denied in part.

Motion for Additional Discovery

Defendant has filed a motion for discovery, which seeks

disclosure of eleven categories of information. See defendant's motion, ¶¶5a-5k. Each category will be discussed below. As an initial matter, however, governmental disclosure of evidence in criminal cases is governed by Fed.R.Crim.P. 16(a)(1). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." United States v. Ramos, 27 F.3d 65, 68 (3d Cir. 1994). As a general matter, these other areas are limited to the Jencks Act, 18 U.S.C. §3500, and materials available pursuant to the so-called "Brady doctrine." Id.

With regard to defendant's specific discovery requests, defendant first seeks disclosure in ¶¶5a and 5b of information relating to defendant that was exchanged between any representative or agent of the federal government and any police department or other agency. The government objects to the production of the information encompassed by this request, and states that any Jencks or Brady material will be provided at the times required under law. The information defendant seeks is not authorized by Fed.R.Crim.P. 16, and his request in ¶¶5a-5b will be denied. However, to the extent that defendant's request pertains to any Brady material, such information shall be provided to

2

defendant in accordance with the court's discussion of Brady, infra, at 6-7.

In ¶¶5c, 5e and 5i, respectively, defendant requests any videotapes relating to this case, any records relating to surveillance of areas occupied by defendant on the date of his arrest, and evidence logs that memorialize the chain of custody of evidence in this case. The government's response indicates that the requested evidence is available for inspection. Thus, the parties shall determine a mutually convenient time for defendant to inspect these materials.

Defendant next seeks discovery in ¶5d of any recorded oral conversations related to this case. The government objects that this request is beyond the scope of discovery. According to Fed.R.Crim.P. 16(a)(1)(A) and (B), the government must produce defendant's oral statements made in response to interrogation by a person defendant knew was a government agent, as well as defendant's written and recorded statements. To the extent that any statements covered by Rule 16(a)(1)(A) and (B) are available that have not yet been provided to defendant, those statements shall be supplied forthwith. Otherwise, the government is not automatically required to divulge the names of its witnesses in non-capital cases, see United States v. Addonizio, 451 F.2d 49, 62 (3d Cir. 1971), and Fed.R.Crim.P. 16 does not authorize disclosure of witness statements except as provided in the Jencks Act.

3

AO 72A
(Rev.8/82)

Accordingly, to the extent defendant seeks immediate disclosure of the statements of government witnesses, that request will be denied, and the government will be ordered to provide the requested information in accordance with its Jencks Act disclosure as discussed herein. See infra at 8-9.

In ¶¶5f and 5k, respectively, defendant requests copies of affidavits submitted to any district judge or magistrate judge by federal agents in this case upon consideration of which the judge did not issue a search warrant, as well as all evidence obtained from searching any residence or automobile under defendant's control. With regard to the affidavit request, the government states that it is not aware of any such affidavits. With regard to evidence obtained as a result of a search, the government represents that it is not aware of any such evidence, but to the extent any is discovered, it will be provided to defendant.

Defendant also seeks disclosure in ¶¶5g and 5j of expert reports and lab reports that relate to evidence in this case. The government responds that it will provide to defendant any reports that have not been supplied. Accordingly, the court will enter an order requiring the government to provide defendant all information subject to disclosure under Fed.R.Crim.P. 16(a)(1)(G) forthwith.

Finally, in ¶5h, defendant requests all surveillance logs prepared by law enforcement officers who participated in the

investigation of this case. The government states that it is not obligated to provide the requested information. The information defendant seeks is not authorized by Fed.R.Crim.P. 16, and his request in ¶5h will be denied. However, to the extent that defendant's request pertains to any Brady material, such information shall be provided to defendant in accordance with the court's discussion of Brady, infra, at 6-7.

Motion to Compel Government to Provide Written Statement of Uncharged Misconduct Evidence and/or Rule 404(b) Evidence

Defendant seeks an order requiring the government to provide a written statement of uncharged misconduct evidence pursuant to Fed.R.Evid. 404(b) and he also requests that such evidence be produced to him forthwith.

Rule 404(b) requires the government to give notice of its intention to use evidence of other crimes, wrongs or acts prior to trial. It provides "that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial ... of the general nature of any such evidence it intends to introduce at trial." According to the commentary to Rule 404(b), other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes reasonable notice will depend on the circumstances of each case. Courts that have considered what constitutes "reasonable notice" have concluded that notice of intent to use Rule 404(b) evidence

5

seven to ten days prior to trial is sufficient. See United States v. Evangelista, 813 F.Supp. 294, 302 (D.N.J. 1993) (ten days); United States v. Alex, 791 F.Supp. 723, 728-29 (N.D.Ill. 1992) (seven days); United States v. Williams, 792 F.Supp. 1120, 1133 (S.D.Ind. 1992) (ten days).

Here, the government states that it has not yet identified the specific bad acts by defendant that it will seek to introduce at trial. However, the government notes that it is aware of Rule 404(b)'s notice requirement, and it will provide such notice at least 10 days prior to trial. The government's offer to furnish defendant with notice of Rule 404(b) evidence 10 days prior to trial is consistent with the case law discussed above. Accordingly, the court will deny defendant's motion to the extent he seeks the requested information forthwith, but the court will enter an order directing the government to provide the required Rule 404(b) notice 10 days before trial.

## Motion for Disclosure of Brady Material

Defendant requests that the government provide him with Brady exculpatory and impeachment evidence. It is well settled that the government's obligations under Brady v. Maryland, 373 U.S. 83 (1963), require it to disclose actual exculpatory evidence without undue delay. In contrast, Brady impeachment material ordinarily must be disclosed "in time for its effective use at trial."

United States v. Higgs, 713 F.2d 39, 44 (3d Cir. 1983). To the extent the government possesses any exculpatory Brady evidence, such evidence shall be disclosed to defendant forthwith.

In regard to possible impeachment evidence under Brady, the Third Circuit encourages adherence to the long-standing policy of promoting early production of all types of Brady material "to ensure the effective administration of the criminal justice system." United States v. Starusko, 729 F.2d 256, 261 (3d Cir. 1984) (quoting Higgs, 713 F.2d at 44 n.6 and citing cases). "The district court may dictate by court order when Brady material must be disclosed, and absent an abuse of discretion, the government must abide by that order." Starusko, 729 F.2d at 261. Given the nature of this case, it appears that disclosure of Brady impeachment material one week prior to trial is sufficient to protect defendant's due process rights and ensure that trial delay is avoided. Accordingly, an order will be entered to that effect.

### Motion to Require Retention of Rough Notes and to Preserve Other Evidence

Defendant requests that the government be required to retain all rough notes and other evidence generated by federal and state law enforcement officers who interviewed co-conspirators, confidential informants or cooperating witnesses. In United States v. Vella, 562 F.2d 275, 276 (3d Cir. 1977), the Third Circuit held that rough interview notes should be preserved so

7

AO 72A
(Rev.8/82)

that the court can determine whether they should be made available to the defendant under Brady or the Jencks Act. See also United States v. Ammar, 714 F.2d 238, 259 (3d Cir. 1983) (extending rule to require preservation of rough drafts of agents' reports). The government's response indicates that it is unaware of any exculpatory information which may be contained in any law enforcement officer's rough notes, but it is aware of its continuing duty to disclose such information. Accordingly, the court will grant defendant's motion to require retention of rough notes, and the government shall disclose any exculpatory information contained in such notes, to the extent that any such information becomes available, in accordance with the court's order concerning disclosure of Brady material.

## Motion for Early Disclosure of Jencks Material

Defendant has moved for an order compelling the government to disclose Jencks Act material at least 10 days before trial. The Jencks Act, 18 U.S.C. §3500(b), requires the government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. United States v. Weaver, 267 F.3d 231, 245 (3d Cir. 2001). According to 18 U.S.C. §3500(a), "no statement or report in the possession of the United States which was made by a government witness or prospective government

witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection <u>until said witness has testified on direct examination in the trial of the case</u>."

There is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial. However, the government has indicated that it will provide defendant with Jencks Act material on the Friday of the week prior to trial, and an order will be entered to that effect.

### Motion for Leave to File Supplemental Motions

Defendant requests that the court enter an order permitting him to file additional pretrial motions as his counsel's pretrial investigation continues. The court will grant defendant's request to the extent that he may file additional motions which reasonably could not have been anticipated within the time allocated for filing motions in this case.

Finally, the government's response contains a request that defendant supply all evidence and information subject to disclosure pursuant to Fed.R.Crim.P. 16(b)(1). That rule requires defendant to disclose documents and objects within his possession that he intends to use in his case-in-chief at trial, reports of tests and examinations, and information concerning expert witnesses. Thus, the court will enter an order directing

defendant to disclose the required information in accordance with Fed.R.Crim.P. 16(b)(1) forthwith.

An appropriate order will follow.

                                          /s/ Gustave Diamond
                                          Gustave Diamond
                                          United States District Judge

Date: February 1, 2006

cc:   Tina O. Miller
       Assistant U.S. Attorney

       Martin A. Dietz, Esq.
       Anthony M. Mariani, P.C.
       36th Floor, Grant Building
       Pittsburgh, PA 15219

AO 72A (Rev.8/82)